

FILED
SUPERIOR COURT
OF GUAM

2012 JU... ...

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM** | ) **CRIMINAL CASE NO. CF62-11** |
| | ) |
| | ) |
| | ) |
| vs. | ) **DECISION AND ORDER** |
| | ) **(Defendant's Motion to Reconsider &** |
| | ) **Motion to Strike People's Opposition to** |
| | ) **Def's Mot. to Suppress & Mot. in Limine** |
| | ) **Filed After Court's Decision as Untimely)** |
| **FELIP TEDTAOTAO MAFNAS,** | ) |
| **DOB: 10/25/1967** | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Defendant's Motion to Reconsider and Motion to Strike People's Opposition to Defendant's Motion to Suppress and Motion in Limine Filed After Court's Decision as Untimely. Oral arguments were heard on May 14, 2012. Assistant Public Defender Maria G. Fitzpatrick represented Felip Tedtaotao Mafnas ("Defendant") and Assistant Attorney General Brian D. Gallagher appeared on behalf of the Government. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant was indicted on February 15, 2011, charged with the following: (1) First Degree Criminal Sexual Conduct (As a 1st Degree Felony) **3 counts** (2) Incest (As a Misdemeanor) **4 counts** and (3) Child Abuse (As a 3rd Degree Felony) **3 counts.** On February

People of Guam v. Felip T. Mafnas (CF62-11)          Page 1 of 6
Decision and Order – Defendant's Motion to Reconsider & Motion to Strike People's Opposition to Def's Mot. to Suppress &
Mot. in Limine Filed After Court's Decision as Untimely

23, 2011, Defendant was arraigned where he plead not guilty and demanded a jury trial. Super. Ct. of Guam Minute Entry (Feb. 23, 2011). Defendant initially waived his right to a speedy trial pursuant to 8 GCA §80.60 and the 6th Amendment. Assertion or Waiver of Speedy Trial & Request for a Jury of Twelve in Felony Cases (Feb. 24, 2011).

The Court scheduled trial settings on April 27, 2011, June 6, 2011, August 1, 2011, and September 12, 2011. On November 1, 2011, the Court issued its Scheduling Order and set jury selection and trial date for February 27, 2012. Scheduling Order (Nov. 4, 2011). Defendant then filed a Motion to Dismiss counts 1, 2, and 3 of the Second Charge and all counts of the Third Charge of the indictment as beyond the statute of limitations. The Court heard Defendant's motion on February 27, 2012, and requested the Government to prepare an order to reflect the correct charges consistent with the statute of limitations.[1]

On February 28, 2012, Defendant filed a Motion to Suppress Evidence. Likewise, Defendant filed a Motion in Limine re: 6 GCA §§ 401, 402, 403, on March 1, 2012. The Government filed its Opposition to Defendant's Motion to Suppress Statements and Motion in Limine on March 7, 2012. Consequently, Defendant filed his Reply in Support of Motion to Suppress on March 8, 2012. The Court heard Defendant's motions on March 8, 2012 and issued its Decision and Order on April 9, 2012. On April 16, 2012, the Court scheduled a Pre-Trial Conference and subsequently issued a new Scheduling Order with jury selection and trial date set for August 6, 2012.

Defendant asserted his right to a speedy trial on April 25, 2012, and now moves the Court to reconsider its April 9th Decision. The Court heard Defendants Motion to Reconsider

---

[1] The Court has yet to receive anything from the Government reflecting the correct charges as per the Court's Order on February 27, 2012.

and Motion to Strike People's Opposition to Defendant's Motion to Suppress and Motion in Limine as Untimely on May 14, 2012, and now issues this Decision.

## DISCUSSION

### Motion to Reconsider

Guam does not have a specific rule or statute governing the timeliness of motions for reconsideration in criminal cases. Under the "law of the case" doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case. *People v. Hualde,* 1999 Guam 3 ¶ 13 (citing *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993)). Unlike the civil arena, motions for "reconsideration" in criminal proceedings are not derived from any statutes or rules, but rather, are judicial creations allowed pursuant to common law doctrine. *United States v. Healy,* 376 U.S. 75, 84 S.Ct. 533, 11 L.Ed.2d 527 (1964); *see also United States v. Corey,* 999 F.2d 493, 495 (10th Cir. 1993); and *United States v. Brewer,* 60 F.3d 1142, 1143 (5th Cir. 1995).

In addressing whether a court may reconsider a decision in a criminal case, the Supreme Court of Guam held that "[a] court has discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) manifest injustice would otherwise result." *Hualde,* 1999 Guam 3 ¶ 13.

The Court finds only the fifth factor above relevant to the case at bar. Defendant argues that the Court overlooked the tape of the proceedings following the testimony of Officer Andrew on cross examination. In review of Officer Andrew's testimony on playback, the Court recognizes as it did in its April 9th Decision that Guam Police officers "requested Mr. Mafnas' (Defendant) presence at the Dededo Precinct where he acknowledged and agreed that [officers]

were going to transport him." Testimony of GPD Officer Jerome I. Andrew, Transcript JDAASCRA (3/8/2012) at 2:30:12. However, Defendant "was not free to leave" contrary to the Court's earlier findings. In fact Officer Andrew testified that "the door was shut and that [Defendant] was not free to leave" the interview room. *Id.* at 2:41:04 In view of this, the Court still finds that Defendant was advised of his rights at 9:14 p.m. and subsequently arrested at 10:55 p.m. Therefore, any statements made by Defendant prior to 9:14 p.m. is suppressed. Defendant's statements made after 9:14 p.m. are not suppressed since he was advised of his constitutional rights at that time.

**Motion to Strike People's Opposition to Defendant's Motion to Suppress & Motion in Limine Filed After Court's Decision as Untimely**

Defendant also moves the Court to strike People's Opposition to Defendant's Motion to Suppress and Motion in Limine filed after Court's Decision as untimely. The opposition at issue was filed by the Government on April 10, 2012 after the Court issued its Decision and Order on April 9, 2012.

With respect to motions filed in criminal cases, Guam law provides the following under the Criminal Procedure Code:

> Papers required to be served shall be filed with the court. Papers shall be filed in the manner provided in civil actions.

8 GCA § 1.29 (d).

In tracking the requirements for civil actions relative to motion practice, Local Rules of the Superior Court of Guam provide that oppositions shall be filed as follows:

> (1) The opposing party shall, not less than fourteen (14) days preceding the noticed date of oral argument, serve upon all parties and file with the clerk:
> (A) a memorandum in support thereof containing the points and authorities upon which the opposing party relies;
> (B) if desired, the evidence upon which the opposing party relies;

(C) any affidavits or declarations permitted by the Guam Rules of Civil Procedure.

Guam Sup. Ct. R. CVR 7.1 (d)(1).

The Court also relies on *Mano v. Mano*, 2005 Guam 2, which instructed on how courts should treat a party's failure to file an opposition:

"[We] emphasize that the failure to file a written opposition to a motion, the filing of a notice of non-opposition to a motion, or the disregard of **untimely filed papers**, does not require [the] court to automatically grant the motion and is not dispositive of the motion itself. The court has a duty to analyze the merits of the motion before rendering its decision." (Emphasis added). *Mano*, 2005 Guam 2 ¶ 14 (citing *Quitugua v. Flores*, 2004 Guam 19 ¶ 28).

In the instant case, the Government filed an opposition a day after the Court issued its Decision and Order and well beyond the oral argument date. Accordingly, the Court Grants Defendant's Motion to Strike. Notwithstanding the Court's Order to Strike the People's Opposition, the Court notes that the People filed a duplicate opposition on March 7, 2012, before oral arguments relative to Defendant's Motion to Suppress. The Government's opposition filed in March was considered on its merits and will remain in the file since the Court received it before oral arguments were heard.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court GRANTS Defendant's Motion to Reconsider consistent with this Order and GRANTS Defendant's Motion to Strike People's April 10th Opposition to Defendant's Motion to Suppress and Motion in Limine Filed After Court's Decision as Untimely.

**SO ORDERED** this _26_ day of June, 2012.

A Further Proceedings is set for June 28, 2012, at 9 a.m.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUN 2 6 2012

Edna M. Nego
Deputy Clerk, Superior Court of Guam

People of Guam v. Felip T. Mafnas (CF62-11)          Page 6 of 6
Decision and Order – Defendant's Motion to Reconsider & Motion to Strike People's Opposition to Def's Mot. to Suppress &
Mot. in Limine Filed After Court's Decision as Untimely